McKinney, J.
delivered the opinion of the court.
This bill is filed to enjoin a judgment for $664 50, recovered by the defendants against the complainants, being the bal- *116 anee of the purchase money of a tract of land purchased by the complainants from the defendants on the 22d day of February, 1840, and for which the defendants by their covenant, or bond for title of that date, obligated themselves to make or cause to be made, to the complainants, on the payment of the purchase money, a good and valid title.
The bill charges that the defendants “have no registered or legal title to the tract of land, sold to the complainants and described in the title bond executed to them.” The prayer is for an injunction and a recission of the contract of purchase, if it shall appear, the defendants are unable to make a title as stipulated in their bond. The defendants in their answer which was put in at the appearance term, say that they derive their title to said land, from a chancery sale, and that so far as they know the title is undisputed. They do not exhibit, nor do they offer to produce any title whatever, neither do they state the character of the title acquired by them at the chancery sale, if any were thus acquired. The answer was excepted to for insufficiency, and the exceptions were sustained by the clerk and master: an answer to the exceptions was put in at the same term, but being regarded as defective both in form and .substance, a motion was made by the solicitor of the complainants to take it off the file, and on the part of the defendants a motion was made to dissolve the injunction. On the hearing of the motions the chancellor, disallowed the former and permitted the answer to be amended as to the matters of form excepted to, and thereupon proceeded to make a final decree in the cause dismissing the bill for want of equity on its face and dissolving the injunction.
This proceeding, we think, was premature and contrary to the course of this court. It is true the matter constituting the equity of the bill, is inartificially stated, but the charge, we think, is fairly susceptible of the construction that the de *117 fendants, had no legal title whatever, to the tract of land, which they sold and covenanted to convey to the complainants.
It was manifestly so intended by the draftsman of the bill, and so understood by the counsel of the defendants. And having waived a demurrer, and submitted to answer, the defendants were bound to put in a full and sufficient answer, and exhibit their title in order that it might appear whether or not they were able to make such title as they had contracted and bound themselves to make to the complainants. The amended answer put in by the defendants was wholly insufficient. The complainants had the right to have it referred to the clerk and master, on the exceptions to the original answer, or perhaps to have it taken from the files, and it was the duty of the chancellor to have required the defendants to have put in a full and sufficient answer to the bill.
'The principle upon which the chancellor dismissed the bill, was misapplied in this case. If from the face of the bill, it appears the court has no jurisdiction of the case, or if it contain no matter of equity whatever, the chancellor may properly dismiss the bill on mere motion, at the appearance term or at any subsequent stage of the cause. But not so, when a case proper for equitable relief, is defectively stated in the bill. In such case, if a demurrer is waived, and a party puts in an answer, he must answer fully. Such construction will be given as will support, rather than defeat, the bill, and if necessary, leave will be given to amend.
I? the defendants have no title to the land as is substantially charged in the bill, the complainants have a clear right to disaffirm the contract of purchase, and to have it rescinded; and their right is equally clear, if such be the fact, not only to resist payment of whatever of the purchase money may remain due, but likewise to have restitution of whatever amount may have been paid. The argument of the defen *118 dant’s counsel, and the cases referred to in support of it, apply only when a deed has been executed conveying the legal title, under which the party is in possession. In such case, in the absence of fraud, there can be no relief in equity; the party will be left to his remedy at law on the covenants in his deed, if it contain such covenants; and if not the party is without remedy in either court.
The chancellor erred in dismissing the bill — the decree will be reversed, and the cause remanded to be proceeded in according to the course of a court of chancery.